UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LUVERNE TULOWETZKE,                              CIV. No. 14-704 (SRN/JSM)

      Plaintiff,                              REPORT AND RECOMMENDATION

v.

CAROLYN COLVIN, Acting
Commissioner of Social Security,

      Defendant.

The above matter came before the undersigned on Defendant's Motion to Dismiss for Lack of Prosecution.  [Docket No. 11].  Plaintiff is pro se.  Pamela Marentette, Esq. represents the Commissioner.  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to U.S.C. § 636(b)(1)(A), (B), Local Rule 72.1(c).

For the reasons discussed below, it is recommended that Defendant's Motion to Dismiss for Lack of Prosecution [Docket No. 11] be granted and this matter be dismissed with prejudice.

## I.    PROCEDURAL BACKGROUND

Plaintiff Luverne Tulowetzke commenced this action on March 13, 2014, through the filing of Complaint against the Commissioner.  [Docket No. 1].  Tulowetzke's Complaint sought judicial review of the Commissioner's decision denying his application for Social Security disability benefits.  Id.  Tulowetzke applied for in forma pauperis status, which this Court granted on March 14, 2014.  [Docket Nos. 2, 3].  The Clerk of Court issued a summons as to the Commissioner on April 24, 2014, which was returned executed on May 19, 2014.  [Docket Nos. 5, 7].

The Commissioner filed her Answer and the certified administrative record on June 27, 2014.   [Docket No. 8].   Pursuant to D. Minn. L.R. 7.2(b)(1), Tulowetzke's summary judgment motion was due sixty days later, on August 26, 2014.   Tulowetzke did not file his motion.

On September 4, 2014, the Commissioner's attorney wrote to Tulowetzke, asking him to either file a motion to extend the time for filing his summary judgment motion or to serve the motion, and apprising him that if he failed to do so within ten days, the Commissioner would seek dismissal pursuant to Fed. R. Civ. P. 41(b).   Declaration of Ana H. Voss ("Voss Decl."), ¶ 5; Ex. A (letter to Tulowetzke from attorney Anne Bildtsen dated September 4, 2014). [Docket Nos. 13, 13-1].   Tulowetzke did not file his motion for summary judgment or move for an extension of time.   Consequently, on September 17, 2014, the Commissioner sought dismissal with prejudice for lack of prosecution and failure to comply with the local rules governing Social Security matters.   Defendant's Motion to Dismiss [Docket No. 11]; Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def.'s Mem.") [Docket No. 12]; Voss Decl.

The Commissioner contended that dismissal was appropriate under Fed. R. Civ. P. 41(b) because Tulowetzke did not diligently pursue his case.   Def.'s Mem., p. 2 Specifically, the Commissioner pointed to Tulowetzke's failure to file his summary judgment motion, notwithstanding a courtesy reminder and deadline extensions by the Commissioner, as sufficient to warrant dismissal.   Id., pp. 1-2.

Subsequent to the Commissioner's Motion to Dismiss, the Court issued an Order on September 18, 2014, requiring Tulowetzke to serve and file his response to the motion on or before October 9, 2014.   Order, ¶1.   [Docket No. 15].   By letter dated

October 14, 2014, directed to the Clerk of Court, Tulowetzke stated: "I am at a disadvantage and the court system is very aware of!  I am unable to attain legal representation to pursue my attentions, therefore, I have no alternative, but, to back-out at this time."  [Docket No. 16].[1]

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(b) states, in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

The court has the authority to dismiss a case with prejudice where plaintiff fails to prosecute his case.  Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962).  A plaintiff's failure to prosecute is sufficient to warrant such a dismissal where there is evidence the plaintiff acted "intentionally[,] as opposed to accidentally or involuntarily."  See Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 722 (8th Cir. 2010) (citing Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 2000)).  A Rule 41(b) dismissal is the proper remedy where the plaintiff has exhibited "a pattern of intentional delay."  Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) (citing Garrison v. International Paper Co., 714 F.2d 757, 760 (8th Cir. 1971)).  A plaintiff need not have acted in "bad faith" in failing to prosecute his or her case.  Arnold, 627 F.3d at 722.

Dismissal with prejudice has been described as an "extreme sanction."  Hunt, 203 F.3d at 527.  However, this remedy is proper when a court has "weigh[ed] its need to advance its burdened docket against the consequence of irrevocably extinguishing the litigant's claim."  Id. (citing Hutchins v. A.G. Edwards & Sons, Inc., 116 F.3d 1256,

---

[1]     This letter was filed on ECF by the Clerk of Court's office.

1260 (8th Cir. 1997)).  It is advised that, before resorting to a dismissal with prejudice, courts should consider the effect of a less severe sanction on the delaying party.  See Smith v. Gold Dust Casino, 526 F.3d 402, 406 (8th Cir. 2008).  Though advising a delaying party of the detrimental effect of its conduct is encouraged, "this circuit has yet to hold that such an admonition is necessary to sustain a Rule 41(b) dismissal." Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216, 1221 (8th Cir. 1998).

Due to the ultimate nature of a Rule 41(b) dismissal, courts have found that such dismissals are improper where transgressions against court rules and deadlines are not egregious.  See, e.g., Smith, 526 F.3d 402 (reversing a Rule 41(b) dismissal where plaintiff's failure to meet discovery deadlines was not the result of "flagrant[] disregard" for court rules, but rather that of a physical incapacity to comply with rules); Givens v. A.H. Roberts Co., 751 F.2d 261 (8th Cir. 1984) (reversing a Rule 41(b) dismissal based on plaintiff's counsel's failure to begin discovery at a time contemplated by the court, and subsequent failure to meet the deadline after the court refused a deadline extension).  However, in cases where delay is persistent, Rule 41(b) dismissals have consistently been found appropriate.  See, e.g., Young v. Broaddus, 555 Fed. Appx. 638 (8th Cir. 2014) (affirming a Rule 41(b) dismissal where the plaintiff failed to meet a court deadline or request a deadline extension); Hutchins, 116 F.3d 1256 (affirming a Rule 41(b) dismissal where plaintiff delayed progress in his case by refusing to cooperate with court orders and court rules without justification).  This Court has previously found a plaintiff's failure to comply with an Order directing him to respond to the Commissioner's motion to dismiss in a Social Security matter sufficient to warrant a Rule 41(b) dismissal.  See Grant v. Astrue, Civ. No. 09-2818 (DWF/JSM), 2010 WL

4

3023915 (D. Minn. July 13, 2010), 2010 WL 3023661 (D. Minn. Aug. 2, 2010) (adopting Report and Recommendation).

The Court has concluded that Tulowetzke has intentionally failed to prosecute his case and has caused undue delay as a result of his actions.  After Tulowetzke failed to timely serve his summary judgment motion, the Commissioner's counsel provided a courtesy reminder to Tulowetzke of his obligations.  This Court took the extra step of ordering Tulowetzke to respond to the Commissioner's Motion to Dismiss.  The Commissioner's letter to Tulowetzke and this Court's Order were mailed to Tulowetzke at his Annandale, Minnesota address – and in light of Tulowetzke's letter of October 14, 2014, it is clear that he received these communications.  Tulowetzke's delays have been persistent and his explanation about being at a "disadvantage," presumably because he is unrepresented, is unavailing.  Tulowetzke was pro se from the outset and in that regard, nothing has changed to "disadvantage" him in this lawsuit.  It was significant to this Court that Tulowetzke never sought relief from the deadlines for filing his summary judgment motion or responding to the Commissioner's motion to dismiss, but simply ignored the deadlines.

To the extent Tulowetzke believed that by writing to the Clerk of Court stating that he was "back[ing] out at this time" (emphasis added) he was somehow preserving his right to refile a lawsuit against the Commissioner at some later date, this Court rejected that proposition.  Tulowetzke was ordered to respond to the Commissioner's motion, which sought dismissal with prejudice for failing to prosecute.  Def.'s Mem., pp. 1-2.  By failing to respond to any of the Commissioner's arguments in favor of dismissal, Tulowetzke is deemed to have abandoned any arguments he might have in opposition

to the motion.  See Thompson v. Ross, 368 F.Supp. 2d 961, 974, fn. 9 (D. Minn. 2005)

(concluding that plaintiff abandoned claims not addressed in his opposition to summary

judgment motion).  Finally, and significantly, because the refiling of the complaint would

not be within the time limits for seeking judicial review of the Commissioner's denial of

benefits, see 42 U.S.C. § 405(g), there is no practical difference in dismissing with or

without prejudice.  The point is that Tulowetzke's dilatory conduct warrants dismissal

with prejudice under Fed. R. Civ. P. 41(b).

## III.   RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED THAT**:

Defendant's Motion to Dismiss [Docket No. 11] be **GRANTED** and this matter be

dismissed with prejudice.

Dated: February 24, 2015

*Janie S. Mayeron*
JANIE S. MAYERON
United State Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 10, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.